NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-126-HRW

JAMES CLAUDE BAILEY                                                              PETITIONER

VS:                            **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden                                                            RESPONDENT

James Claude Bailey, who is currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky, has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and he has now paid the district court filing fee.

The matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

SUMMARY OF ALLEGATIONS AND CLAIMS

In 2000, Petitioner Bailey was convicted by a jury of 10 of the 22 counts charged for violating federal law with regard to returns filed and records submitted to the Internal Revenue Service (IRS) in *United States v. Bailey*, No. 4:00-CR-21, in the United States District Court for the Eastern District of Virginia, and was sentenced to 53 months' imprisonment. He seeks review of

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

his convictions and sentences under this Court's §2241 jurisdiction on several grounds.

## DISCUSSION

The petitioner is entitled to no relief for several reasons. First, relief under §2241 is not appropriate where, as here, the petitioner has previously presented his claim(s) to the sentencing court under 28 U.S.C. §2255 and lost. *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999). The remedy available to the petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. *Id.*

The petitioner's exhibit to Docket Entry No. 10 shows that he raised his ineffective assistance of counsel claim, a sentencing claim, and a prosecutorial misconduct claim previously in a §2255 motion to the trial court, and he lost on the merits on December 30, 2002. Under the holding of *Charles*, such duplicated claims herein do not warrant relief under §2241. An attachment to his original petition shows that earlier this year, he filed for the Fourth Circuit's permission to submit a successive motion to the trial court. The petitioner does not state the grounds urged therein, but permission was denied on February 17, 2005.

Second, with regard to any new challenges to a sentence or conviction, such claims must be timed within one year from and based upon an intervening United States Supreme Court decision which defines the crime and has been ruled to be applicable retroactively on collateral review, a requirement that the instant petitioner has not met. *Charles v. Chandler*, 180 F.3d at 757. Additionally, the §2241 petitioner must have a claim of "actual innocence." *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). The petitioner also fails to meet this second requirement, as it is defined by the Supreme Court.

"To establish actual innocence, Petitioner must demonstrate that, in light of all the evidence,

it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). It is clear that case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence). The instant petitioner's allegation is that he "was actually innocent of the relevant conduct about which the Court made findings of fact pursuant to the Guidelines," in arriving at sentence enhancements. The plaintiff does not claim to be actually innocent of the IRS offenses of which he was convicted.

Finally, even if the Court were to consider the merits of Bailey's arguments, he would not prevail. His convictions and sentences were affirmed by the Fourth Circuit, which found that the evidence was sufficient that he knowingly and intentionally made false representation on taxpayers' returns. *Bailey v. United States,* 16 Fed.Appx. 280 (4th Cir. 2001). Bailey is/was not "actually innocent" of the offenses with which he was charged and found guilty.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   The petitioner's application writ of habeas corpus is **DENIED**.

(2)   the petitioner's motions to reconsider its denial of expedited treatment [Record No. 9] and to change venue to the Eastern District of Virginia [Record No. 8] are **DENIED**, as unwarranted and as mooted by the dismissal of this action.

(3)   this action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor

of the respondent.

This October 25, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge